**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DAVID MOYA,
an individual,                                                          Case No.:

        Plaintiff,

v.

ENHANCED RECOVERY
COMPANY, LLC,
a foreign limited liability company,

        Defendant.
_____/

## VERIFIED COMPLAINT

**COMES NOW**, Plaintiff, DAVID MOYA (hereinafter, "Plaintiff"), by and through the undersigned counsel, and sues Defendant, ENHANCED RECOVERY COMPANY, LLC (hereinafter, "Defendant").  In support thereof, Plaintiff alleges:

## INTRODUCTION AND PRELIMINARY STATEMENT

This is an action for damages brought by an individual consumer for Defendant's violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA"), 15 United States Code, Section 1692a, *et seq.* (hereinafter, the "FDCPA"), the Telephone Consumer Protection Act, 47 United States Code, Section 227 (hereinafter, the "TCPA"), 15 United States Code, Section 1681 *et seq.* (hereinafter, the "FCRA"), and for declaratory judgment and injunctive relief in equity.

## JURISDICTION AND VENUE

1.    This court has jurisdiction pursuant to 47 United States Code, Section 227(b)(3), 15 United States Code, Section 1692k(d), 15 United States Code, Section 1681p, and 28 United States Code, Sections 1331 and 1337.  Supplemental jurisdiction over the FCCPA claims exist

pursuant to 28 United States Code, Section 1367.  Declaratory relief is available pursuant to 28 United States Code, Sections 2201 and 2202.  Injunctive relief is available under the FCCPA pursuant to Florida Statutes, Section 559.77, under the TCPA pursuant to 47 United States Code, Section 227(g)(2), and under the FCRA pursuant to 15 United States Code, Section 1681p.

2.      Venue in this District is proper because Defendants transact business in this District, and the conduct complained of occurred in this District.

3.      At all material times herein, Plaintiff is an individual residing in Polk County, Florida.

4.      At all material times herein, Defendant is a limited liability company engaged in business in Florida with its principal place of business located at 8014 Bayberry Road, Jacksonville, Florida 32256 that, itself and through its subsidiaries, regularly collects consumer debts due, or allegedly due, to another.

## GENERAL ALLEGATIONS

5.      At all material times herein, Defendant is a "debt collector" as defined by 15 United States Code, Section 1692a(6) and Florida Statutes, Section 559.55(6).

6.      At all material times herein, Defendant attempts to collect a debt, specifically an alleged Bank of America consumer line of credit referenced by account number ending in -3166 (hereinafter, "Debt").

7.      Defendant used interstate mail while engaging in a business the principal purpose of which is the collection of debts allegedly due another.

8.      Defendant's principal purpose is collecting debts using the mail and telephone, and Defendant regularly attempts to collect debts alleged to be due to another.

9.      At all material times herein, the Debt is consumer debt, an obligation resulting from a transaction for goods or services and was incurred primarily for personal, household or family use.

10.     At all material times herein, the Defendant is a "person" subject to Florida Statutes, Section 559.72.  *See* Florida Statutes, Section 559.55(3); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

11.     At all material times herein, Defendant's conduct, with regard to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(5) and 15 United States Code, Section 1692a(2).

12.     Defendant received the Debt for collection – and at all times herein collected the Debt – after the Debt was in default.

13.     At all material times herein, Defendant acted itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

14.     All necessary conditions precedent to the filing of this action occurred or have been waived by Defendant.

## FACTUAL ALLEGATIONS

15.     Defendant's telephone calls, as more specifically alleged below, were made to Plaintiff's cellular telephone number 786.333.7550 (hereinafter, "Cellular Telephone") using an automatic telephone dialing system (hereinafter, "ATDS"), a predictive telephone dialing system (hereinafter, "PTDS"), or an artificial or pre-recorded voice (hereinafter, "APV").

16.     Plaintiff is the owner, regular user, and possessor of a Cellular Telephone with the assigned number 786.333.7550.

3

17.     At no time herein did Defendant have Plaintiff's prior express consent to call Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

18.     On or before October 5, 2011, Bank of America, N.A. (hereinafter, "BOA") turned the Debt over to Defendant for servicing, collection, or both.

19.     On or before February 27, 2012, Defendant attempted to collect the Debt from Plaintiff.

20.     On or about February 27, 2012, Plaintiff sent Defendant a letter via certified mail, requesting that Defendant cease and desist any and all telephone communication with Plaintiff and explicitly revoked any prior express consent to call Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV (hereinafter, "Cease and Desist Letter").  Please see attached a true and correct copy of said Cease and Desist Letter labeled as Exhibit "A."

21.     On or before April 18, 2012, Plaintiff filed a complaint with the Florida Office of Financial Regulation (hereinafter, "OFR"), with regard to Defendant's conduct in its attempts to collect the Debt as referenced by complaint activity number ending in 5173.

22.     On or about April 18, 2012, Defendant sent a letter to the OFR in response to Plaintiff's complaint ending in 5173, asserting that Defendant closed the above-referenced account on December 2, 2011 and subsequently returned the account to BOA (hereinafter, "Response Letter").  Please see attached a true and correct copy of said Response Letter labeled as Exhibit "B."

23.     On or about April 23, 2012, Plaintiff received a letter from the OFR in response to Plaintiff's complaint ending in 5173, informing Plaintiff the OFR completed a review of Plaintiff's complaint and determined that it was resolved (hereinafter, "Resolution Letter"). Please see attached a true and correct copy of said Resolution Letter labeled as Exhibit "C."

24.     All of the below-referenced communications from Defendant were placed from telephone number 800.459.6901 and were placed in an attempt to collect the Debt, despite Plaintiff's written request to cease and desist such collection activities.

25.     On or about January 16, 2014, at approximately 8:51 a.m. ET, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

26.     On or about January 24, 2014, Defendant pulled or inquired of Plaintiff's credit report in a continued attempt to collect the Debt.  Please see attached a true and correct copy of Plaintiff's credit records request labeled as Exhibit "D."

27.     On or about January 31, 2014, at approximately 9:00 a.m. ET, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

28.     On or about February 17, 2014, at approximately 10:30 a.m. ET, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

29.     On or about March 5, 2014, at approximately 11:42 a.m. ET, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

30.     On or about March 31, 2014, at approximately 5:59 p.m. ET, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

31.     On or about April 15, 2014, at approximately 8:36 a.m. ET, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

32.     On or about April 28, 2014, at approximately 11:53 a.m. ET, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

33.     On or about June 3, 2014, Plaintiff retained Leavengood, Dauval & Boyle, P.A. (hereinafter "Undersigned Counsel") for representation regarding the Debt.

34.     Despite having received, and acknowledging receipt of, the Cease and Desist

Letter, Defendant continues to attempt to collect the Debt directly from Plaintiff in violation of the FCCPA, the FDCPA, and the TCPA.

36.     Defendant's conduct, as described above, is a knowing, willful, and continuing violation of Plaintiff's rights, as enumerated under federal and state law.

36.     Given Defendant's conduct, and its apparent intention and ability to continue to collect the Debt directly from Plaintiff in violation of said debt collection laws, Plaintiff has no adequate remedy at law.

37.     Plaintiff has not been able, due to both professional and personal commitments, as well as the continued and increasing stress associated with the continued Debt collection calls, to record the specifics (as done above) on each and every call made to Plaintiff.  Plaintiff asserts, however, that the above-referenced calls are but a sub-set of the calls made in violation of the FCCPA, the FDCPA, and the TCPA. Further, the Defendant is in the best position to determine and ascertain the number and methodology of calls made to Plaintiff.

38.     As a direct result of Defendant's actions, Plaintiff has suffered severe emotional distress, anxiety, inconvenience, embarrassment, frustration, annoyance, fear, confusion and loss of sleep, believing that the hiring of an attorney for representation with regard to the Debt was wholly ineffective, and that the frequent, repeated debt collection attempts would simply have to be endured.

39.     Florida Statutes, Section 559.77 provides for the award of $1,000.00 statutory damages against Defendant per independent, temporally-displaced violation, actual damages, punitive damages, and an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant.

40.     United States Code, Title 15, Section 1692k provides for the award of up to

$1,000.00 statutory damages and an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant.

41.     United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call made using an ATDS, a PTDS, or an APV to Plaintiff's Cellular Telephone in violation of the TCPA or the regulations proscribed thereunder.

42.     Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call made using an ATDS, a PTDS, or an APV to Plaintiff's Cellular Telephone in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

43.     United States Code, Title 15, Section 1681o, provides for an award of actual damages sustained and an award of attorneys' fees and costs to the Plaintiff, should the Plaintiff prevail in this matter against the Defendant.   United States Code, Title 15, Section 1681n provides for an award of statutory damages between $100.00 and $1,000.00, actual damages, punitive damages, and an award of attorneys' fees and costs, should Plaintiff prevail in this matter against Defendant.

44.     At all times herein, it would have been possible for Defendant to avoid violating the terms of the TCPA.

45.     Based upon the aforementioned allegations, Defendant's telephone calls made to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV were made in willful and knowing violation of the TCPA.

46.     As of the date of this complaint, Defendant has initiated a law suit in an effort to collect the Debt. Likewise, no final judgment regarding the Debt has been obtained by, or

transferred to, Defendant.

47.     Plaintiff has retained Undersigned Counsel for the purpose of pursuing this matter against Defendant, and Plaintiff is obligated to pay his attorneys a reasonable fee for their services.

**COUNT ONE:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORIDA STATUTES, SECTION 559.72(7)**

Plaintiffs re-allege paragraphs one (1) through forty-seven (47) as if fully restated herein and further state as follows:

48.     Defendant is subject to, and has violated the provisions of, Florida Statutes, Section 559.72(7) by collecting consumer Debt from Plaintiff through means which can reasonably be expected to abuse or harass Plaintiff.

49.     Specifically, Defendant received Plaintiff's Cease and Desist Letter which explicitly revoked any prior express consent to call Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV and Plaintiff also advised that Defendant must cease all communication with Plaintiff.

50.     Further, Defendant acknowledged receipt of Plaintiff's Cease and Desist Letter and verified the Debt was returned to BOA in its response to the OFR.  *See* Exhibit "B."

51.     Despite having the above-referenced knowledge, Defendant placed *at least* seven (7) telephone calls to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in its attempts to collect the Debt.

52.     Defendant's conduct constitutes abuse and harassment, as Defendant repeatedly placed telephone calls to Plaintiff in an attempt to collect the Debt—without Plaintiff's prior express consent—after receiving Plaintiff's Cease and Desist Letter, and after verifying the Debt

8

was returned to BOA.

53.    Defendant's willful and flagrant violation of, *inter alia*, the Florida Consumer Collections Practices Act as a means to collect a Debt, constitutes unlawful conduct and harassment as is contemplated under Florida Statutes Section 559.72(7).

54.    As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by Florida Statutes, Section 559.77.

## COUNT TWO:
## UNLAWFUL DEBT COLLECTION PRACTICE –
## VIOLATION OF FLORIDA STATUTES, SECTION 559.72(9)

Plaintiff re-alleges paragraphs one (1) through forty-seven (47) as if fully restated herein and further states as follows:

55.    Defendant is subject to, and has violated provisions of, Florida Statutes, Section 559.72(9) by attempting to collect the Debt with knowledge that the Debt is not legitimate, or by asserting the existence of some legal right when Defendant knows that the right does not exist.

56.    Specifically, Defendant received Plaintiff's Cease and Desist Letter which explicitly revoked any prior express consent to call Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV, and Plaintiff also advised that Defendant must cease all communication with Plaintiff.

57.    Further, Defendant acknowledged receipt of Plaintiff's Cease and Desist Letter in its response to the OFR.  *See* Exhibit "B."

58.    Despite having the above-referenced knowledge, Defendant placed *at least* seven (7) telephone calls to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in its attempts to collect the Debt.

59.     Defendant's conduct constitutes the assertion of the legal right to contact Plaintiff on his Cellular Telephone despite lacking his prior express consent and having been advised to cease communications with Plaintiff on his Cellular Telephone.

60.     Defendant knew it did not have such legal rights

61.     As such, Defendant has violated Florida Statutes, Section 559.72(9) by asserting the existence of a legal right Defendant knew it did not possess.

62.     As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT THREE:**
**FAIR DEBT COLLECTION PRACTICES ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1692c(c)**

The Plaintiff re-alleges paragraphs one (1) through forty-seven (47) as if fully restated herein and further states as follows:

63.     The Defendant is subject to, and has violated the provisions of, 15 United States Code, Section1692c(c) by communicating with Plaintiff with respect to the Debt after the Plaintiff notified the Defendant in writing that the Plaintiff refused to pay the Debt or wished the Defendant to cease further communication with the Plaintiff.

64.     Specifically, Defendant received Plaintiff's Cease and Desist Letter which explicitly revoked any prior express consent to call Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV, and also advised that Defendant must cease all communication with Plaintiff.

65.     Specifically, Defendant received actual knowledge of Plaintiff's written request to cease further telephonic communication with Plaintiff via Plaintiff's Cease and Desist Letter.

66.     Further, Defendant acknowledged receipt of Plaintiff's Cease and Desist Letter in

its response to the OFR.  *See* Exhibit "B."

67.     Despite having received the Cease and Desist Letter—and having the above-referenced knowledge—Defendant placed *at least* seven (7) calls to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV, in its attempts to collect the Debt.

68.     Further, Defendant's calls were not made to advise Plaintiff that the Defendant was terminating its efforts to collect, to notify the Plaintiff that Defendant may invoke specified remedies ordinarily invoked, or to notify the Plaintiff that Defendant intended to invoke a specific remedy.

69.     As a direct and approximate result of the Defendant's actions, Plaintiff has sustained damages as defined by 15 United States Code, Section1692k.

**COUNT FOUR:**
**FAIR DEBT COLLECTION PRACTICES ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1692d**

Plaintiff re-alleges paragraphs one (1) through forty-seven (47) as if fully restated herein and further states as follows:

70.     Defendant is subject to, and has violated the provisions of, 15 United States Code, Section 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the Debt.

71.     Specifically, Defendant received Plaintiff's Cease and Desist Letter which explicitly revoked any prior express consent to call Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV, and also advised Defendant that all communication with Plaintiff must cease.

72.     Further, Defendant acknowledged receipt of Plaintiff's Cease and Desist Letter and verified the Debt had been returned to BOA in its response to the OFR.  *See* Exhibit "B."

11

73.     Despite having the above-referenced knowledge, Defendant placed *at least* seven (7) telephone calls to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in its attempts to collect the Debt.

74.     Defendant's conduct constitutes abuse and harassment, as Defendant repeatedly placed telephone calls to Plaintiff in an attempt to collect the Debt—without Plaintiff's prior express consent—after receiving Plaintiff's Cease and Desist Letter, and after verifying the Debt was returned to BOA.

75.     As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by 15 United States Code, Section 1692k.

### COUNT FIVE:
### FAIR DEBT COLLECTION PRACTICES ACT –
### VIOLATION OF 15 UNITED STATES CODE, SECTIONS 1692e and 1692e(10)

Plaintiff re-alleges paragraphs one (1) through forty-seven (47) as if fully restated herein and further states as follows:

76.     Defendant is subject to, and has violated the provisions of, 15 United States Code, Sections 1692e and 1692e(10) by using false representation and deceptive means in attempting to collect the Debt.

77.     Specifically, Defendant received Plaintiff's Cease and Desist Letter which explicitly revoked any prior express consent to call Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV, and also advised that Defendant must cease all communication with Plaintiff.

78.     Further, Defendant acknowledged receipt of Plaintiff's Cease and Desist Letter and verified the Debt had been returned to BOA in its response to the OFR.  *See* Exhibit "B."

79.     Despite having the above-referenced knowledge, Defendant placed *at least* seven

(7) telephone calls to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV in its attempts to collect the Debt  and in violation of Plaintiff's rights.

80.    Defendant intended to confuse, intimidate, and deceive Plaintiff into believing Plaintiff's rights were irrelevant.  Defendant further attempted to convince the Plaintiff that Defendant could violate Plaintiff's rights, and that Defendant would continue to call in an attempt to collect the Debt

81.    As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by 15 United States Code, Section 1692k.

### COUNT SIX:
### TELEPHONE CONSUMER PROTECTION ACT-
### NEGLIGENT VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)

Plaintiff re-alleges paragraphs one (1) through forty-seven (47) as if fully restated herein and further states as follows:

82.    Defendant is subject to, and has violated the provisions of, United States Code, Section 227 (b)(1)(A) by using an ATDS, a PTDS, or an APV to call a telephone number assigned to a cellular telephone service without Plaintiff's prior express consent.

83.    Defendant never had Plaintiff's prior express consent to place auto-dialed calls to Plaintiff's Cellular Telephone.

84.    Furthermore, to the extent that Defendant contends it possessed Plaintiff's prior express consent, such consent was revoked when Defendant received Plaintiff's Cease and Desist Letter.  *See* Exhibit "A1."

85.    Despite lacking Plaintiff's prior express consent, Defendant placed *at least* seven (7) telephone calls to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

86.     Plaintiff is also entitled to and seeks injunctive relief enjoining Defendant from further violations of the TCPA.

87.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered:

(1)     The periodic loss of his Cellular Telephone service;

(2)     Lost material costs associated with the use of peak time Cellular Telephone minutes allotted under his Cellular Telephone service contract;

(3)     The expenditure of costs and attorney's fees associated with the prosecution of this matter, along with other damages which have been lost;

(4)     Stress, anxiety, loss of sleep, and deterioration of relationships, both personal and professional, as a result of the repeated, willful, and knowing calls placed in violation of the TCPA; and

(5)     Statutory damages

**COUNT SEVEN:**
**TELEPHONE CONSUMER PROTECTION ACT-**
**WILLFUL VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)**

Plaintiff re-alleges paragraphs one (1) through forty-seven (47) as if fully restated herein as well as paragraphs eighty-two (82) through eighty-seven (87) and further states as follows:

88.     The conduct of the Defendant, complained of herein, is the result of a repeated willful and knowing violation of the TCPA.

89.     Defendant's calls were willful and knowing, as Plaintiff sent a Cease & Desist Letter to Defendant which clearly and conspicuously demanded Defendant stop calling him on his Cellular Telephone.

90.     Further, Plaintiff was not a party to the agreement creating the Debt and never provided his cellular telephone number to Defendant or the original owner of the Debt, which

14

evidences that Defendant obtained Plaintiff's Cellular Telephone number through a non-consensual "skip-trace."

91.     Defendant also knows that it does not, and has not, reached out to Plaintiff to independently obtain his prior express consent—oral, written or otherwise—to attempt to collect the Debt by calling Plaintiff's Cellular Telephone using an ATDS, a PTDS and/or an APV.

92.     Defendant is fully aware of the TCPA and its restrictions and, as such, Defendant's calls constitute knowing and/or willful violations of the TCPA.

93.     As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble statutory damages, up to $1,500.00, for each and every violation pursuant to 47 United States Code, Section 227(b)(3)(B) and 47 United States Code, Section 227(b)(3)(C).

94.     Plaintiff is entitled to and seeks injunctive relief enjoining Defendant from further violations of the TCPA.

95.     Specifically, as enumerated above, Defendant used an ATDS, a PTDS, or an APV to call Plaintiff's Cellular Telephone *at least* seven (7) times without Plaintiff's prior express consent.

96.     As such, each of the calls made to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV were knowingly, willfully, and consciously made in violation of the TCPA.

**COUNT EIGHT:**
**UNLAWFUL CREDIT REPORTING PRACTICE –**
**WILLFUL VIOLATION OF 15 UNITED STATES CODE, SECTION 1681b(a)**

Plaintiff re-alleges paragraphs one (1) through forty-seven (47) as if fully restated herein and further states as follows:

15

97.     Defendant is subject to, and has violated the provisions of, 15 United States Code, Section 1681b(a) by willfully pulling Plaintiff's credit report without having a permissible purpose.

98.     Specifically, despite informing the OFR that Defendant closed Plaintiff's account on December 2, 2011, and returning or transferring ownership and/or servicing of the Debt back to Bank of America, Defendant willfully and impermissibly pulled Plaintiff's credit report on or about January 24, 2014.  *See* Exhibit "D."

99.     As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by 15 United States Code, Section 1681n, for willful noncompliance with 15 United States Code, Section 1681b(a).

### COUNT NINE:
### UNLAWFUL CREDIT REPORTING PRACTICE –
### NEGLIGENT VIOLATION OF 15 UNITED STATES CODE, SECTION 1681b(a)

Plaintiff re-alleges paragraphs one (1) through forty-seven (47) as if fully restated herein and further states as follows:

100.    Defendant is subject to, and has violated the provisions of, 15 United States Code, Section 1681b(a) by negligently conducting a pull of Plaintiff's credit report without having a permissible purpose.

101.    Specifically, despite informing the OFR that Defendant closed Plaintiff's account on December 2, 2011, and returning or transferring ownership and/or servicing of the Debt back to Bank of America, Defendant negligently pulled Plaintiff's credit report on or about January 24, 2014.  *See* Exhibit "D."

102.    Defendant had a duty to Plaintiff to act in a reasonable manner with regard to Plaintiff's credit and his credit report/file.

103.    Defendant breached the duty of care owed to Plaintiff by pulling Plaintiff's credit report after transferring the ownership and/or servicing of the Debt back to Bank of America, and after informing the OFR that Defendant closed Plaintiff's account in December 2011.

104.    As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by 15 United States Code, Section 1681o for negligent noncompliance with 15 United States Code, Section 1681b(a).

<b>COUNT TEN:<br>DECLARATORY AND INUNCTIVE RELIEF</b>

Plaintiff re-alleges paragraphs one (1) through forty-seven (47) as if fully restated herein and further states as follows:

105.    Unless the Defendant is immediately enjoined from continuing to attempt to collect the Debt from Plaintiff in violation of the FCCPA, FDCPA, and the TCPA, Plaintiff will suffer irreparable injury.

106.    Plaintiff has no adequate remedy at law.

107.    Plaintiff has a clear legal right to the protections of the FCCPA, FDCPA, and the TCPA.

108.    Given Defendant's conduct, and its apparent intention and ability to continue to collect the Debt directly from Plaintiff in violation of said debt collection laws, Plaintiff has no adequate remedy at law.  Plaintiff needs and is entitled to injunctive relief.

109.    The requested injunction is reasonably necessary to protect the legal rights of Plaintiff and will have no adverse effect on the public welfare.

<b>PRAYER FOR RELIEF</b>

**WHEREFORE**, as a direct and proximate result of the Defendant's conduct, Plaintiff respectfully requests against Defendant an entry of:

17

a)      Judgment against Defendant declaring that Defendant violated the FCCPA, TCPA, and the FCRA;

b)      Judgment against Defendant for maximum statutory damages under the FCCPA, per independent, temporally displaced violation committed by Defendant;

c)      Judgment against Defendant for maximum statutory damages under the FDCPA, for violations committed by Defendant;

d)      Judgment against Defendant for statutory damages in the amount of $500.00 for each of Defendant's calls to Plaintiff's Cellular Telephone in violation of the TCPA;

e)      Judgment against Defendant for treble damages in the amount of $1,500.00 for each of Defendant's calls to Plaintiff's Cellular Telephone that violated the TCPA for which Defendant acted knowingly and/or willfully;

f)      Judgment against Defendant for up to $1,000.00, but no less than $100.00, in statutory damages for Defendant's violation of the FCRA;

g)      Judgment against Defendant enjoining Defendant from further engaging in the conduct that violates the FCCPA, the TCPA, and the FCRA;

h)      An award of attorney's fees and costs;

i)      Actual damages in an amount to be determined at trial pursuant to the FCCPA, FDCPA, and FCRA;

j)      Punitive damages in an amount to be determined at trial pursuant to the FCCPA and FCRA; and

k)      Any other such relief the Court may deem proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demands that Defendant and its affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**LEAVENLAW**

/s/ *Aaron M. Swift*

**Ian R. Leavengood, Esq., FBN 0010167**
**Aaron M. Swift, Esq., FBN 0093088**
**G. Tyler Bannon, Esq., FBN 0105718**
**Gregory H. Lercher, Esq., FBN 0106991**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone:  (727) 327-3328
Fax: (727) 327-3305
consumerservice@leavenlaw.com
aswift@leavenlaw.com
tbannon@leavenlaw.com
glercher@leavenlaw.com
*Attorneys for Plaintiff*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA      )
                    )
COUNTY OF __Polk__   )

Plaintiff David Moya, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

David Moya

Subscribed and sworn to before me this 25 day of July, 2014.

My Commission Expires:

Notary Public

Proof of I.D.: FL DL

MARQUITA D. REDMOND
Notary Public - State of Florida
My Comm. Expires Mar 21, 2016
Commission # EE 181491

DAVID MOYA
2720 NW 99th Street
Miami, Florida 33147

02/27/2012

ENHANCED RECOVERY COMPANY, LLC
8014 BAYBERRY RD
JACKSONVILLE, FL. 32256

REF. ALLEGED ACCOUNT # XXXX3166

Sent via Certified Mail # 7011 0470 0000 3462 7884

## NOTICE OF CEASE AND DESIST ANY AND ALL PHONE COMMUNICATIONS

To Whom It May Concern:

1. *Federal Fair Debt Collections Act*

   Under the Federal Fair Debt Collection Practices Act, if I, the debtor, request that a creditor stop calling me at home or at work, and I make such request in writing, then the creditor must comply.

2. *Written Request to Stop calling*

   I am hereby requesting in writing that neither you, nor any agent on your behalf, call me at home, cell or at work. Do not call me at my home number, cellular number, or at my place of employment.  Please give this information to the appropriate parties within your company so they can comply.

3. *Debtors Entitlement to Lawsuit*

   I understand and am fully aware that I am entitled to file a lawsuit against you, if you fail to comply with this request, for $1,000.00 in damages plus lawyer's fees per occurrence. I reserve the right to exercise these rights granted under this act.

Respectfully,


DAVID MOYA



 **Enhanced Recovery Company, LLC**

April 18, 2012

Lisa Boyd
Financial Examiner Analyst, II
Division of Finance
Financial Services Commission
Florida Office of Financial Regulation
200 E Gaines Street
Tallahassee, FL 32399

RE:  David Moya
File No: 5173

Dear Ms. Boyd:

This is in response to the complaint filed by Mr. David Moya.

A delinquent account in the amount of $272.44 was placed in our office for collections on October 5, 2011 by our client to service the delinquent portion owed.

On December 2, 2011 the account was closed with our agency, and returned to our client. On March 1, 2012 our agency received his correspondence in regards to his dispute involving the account; however our agency was no longer involved in this matter as our agency was longer servicing the account. If Mr. Moya has any further questions regarding the account, he may contact our client, Bank of America at the address below:

Bank of America, N.A.
4161 Piedmont Parkway
Greensboro, NC 27410

Enhanced Recovery Company, LLC works diligently to treat all customers with the utmost professionalism and respect. Our agency apologizes for any inconvenience caused. If Mr. Moya needs further assistance with the complaint involving our office, or has further questions; he may contact our agency or myself directly.

Sincerely,

Alison Tracy
Compliance Manager
Enhanced Recovery Company, LLC
8014 Bayberry Rd.
Jacksonville, FL 32256
800-617-0049 Ext. 2063

**EXHIBIT**
**B**

8014 Bayberry Road, Jacksonville, FL 32256 • 800.617.0049 • 904.645.3009 fax • www.erccollections.com



**FLORI
OFFICE OF
FINANCIAL
REGULATION**
PROTECT | REGULATE | INVESTIGATE | ENFORCE

**Linda B. Charity**
INTERIM COMMISSIONER

April 23, 2012

DAVID ERNESTO MOYA
2720 NW 99 STREET
MIAMI, FL 33147

Re:   **Complaint Activity Number:** ■5173
      **Entity/Company: ENHANCED RECOVERY COMPANY, LLC**

Dear Mr. Moya:

The Office of Financial Regulation (OFR) has completed its review of the complaint you filed against the above-referenced entity or individual. Based on our review, it is our opinion that your complaint has been resolved.

OFR appreciates you bringing this matter to our attention. The information that you provided will be used as part of a method of identifying firms and individuals for further examination and review. All information will be retained for future reference. Many enforcement actions taken by OFR have been the result of an investigation initiated as a result of a customer complaint like yours.

Thank you for your patience and cooperation throughout our review process. If you have any questions, feel free to contact this office.

Sincerely,

Lisa Boyd
Financial Examiner Analyst, II
Division of Finance
200 E Gaines St.
Tallahassee, Fl. 32399
E-mail address lisa.boyd@flofr.com
Phone number (850) 410-9736
Facsimile number (850) 410-9914

**EXHIBIT**

**C**

FINANCIAL SERVICES COMMISSION
GOVERNOR RICK SCOTT • CHIEF FINANCIAL OFFICER JEFF ATWATER • ATTORNEY GENERAL PAM BONDI • AGRICULTURE COMMISSIONER ADAM PUTNAM



**Experian**
A world of insight

Prepared for: DAVID ERNESTO MOYA
Date: April 02, 2014
Report number: ██████17-67

## Record of requests for your credit history

We make your credit history available to your current and prospective creditors and employers as allowed by law. Experian may list these inquiries for up to two years.

### shared with others

n below lists all of the companies that have requested your credit information of an action you took, such as applying for credit or financing or as a result tion. The inquiries in this section are shared with companies that receive history.

of inquiries shared with others include:
state loan
mortgage loan
loan
cation for credit





ENHANCED RECOVERY CO LLC   8014 BAYBERRY RD   JACKSONVILLE FL 32256
No phone number available
Date of inquiry: Jan 24, 2014

### Inquiries shared only with you

You may not have initiated the following inquiries, so you may not recognize each source. We report these requests to you only as a record of activities, and we do not include any of these requests on credit reports to others.

We offer credit information about you to those with a permissible purpose, such as:
• other creditors who want to offer you preapproved credit;
• an employer who wishes to extend an offer of employment;
• a potential investor in assessing the risk of a current obligation;
• Experian Consumer Assistance to process a report for you;
• your current creditors to monitor your accounts (date listed may reflect only the most recent request).

These inquiries DO NOT affect your credit score.






**EXHIBIT**
**D**